UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 11-50029-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| JEFFREY J. GRIMES, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

On March 15, 2011, defendant Jeffrey J. Grimes was indicted by a grand jury in the District of South Dakota with three counts of mailing threatening communications, in violation of 18 U.S.C. § 876(d); two counts of repeated telephone calls, in violation of 47 U.S.C. § 223(a)(1)(D); five counts of anonymous telephone harassment, in violation of 47 U.S.C. § 223(a)(1)(C); five counts of repeated harassing communication, in violation of 47 U.S.C. § 223(a)(I)(E); and two counts of stalking, in violation of 18 U.S.C. §§ 2261A(2), 2261(b)(5) & (6) and 2265A(a).  (Docket 1).  On June 15, 2011, the defendant filed a motion to dismiss the indictment with prejudice.  (Docket 22).  The basis for the motion is defendant's claim he was not brought to trial within seventy (70) days as required by 18 U.S.C. § 3161, the Speedy Trial Act ("STA").  Id. Following briefing, the court conducted a hearing and received evidence on defendant's STA motion on July 6, 2011.  For the reasons below, defendant's motion is denied.

**FACTS**

After the filing of the indictment, an arrest warrant was issued on March 16, 2011. (Docket 3). Mr. Grimes was arrested on March 21, 2011, by the Shenandoah County, Virginia, Sheriff's Office. Id. Mr. Grimes testified the arrest occurred in New Market, Virginia. He was then transferred by the United States Marshals Service ("USMS") to Harrisonburg, Virginia. On March 24, 2011, Mr. Grimes appeared before United States Magistrate Judge James G. Welsh for a Rule 5 - Initial Appearance.[1] (Docket 4-2).[2]

At the initial appearance before Magistrate Judge Welsh, Mr. Grimes was provided with court-appointed counsel and advised of his statutory rights. (Exhibit 1). He was also advised of his rights to an identity hearing, a preliminary hearing, and a detention hearing before transfer could occur. Id. Mr. Grimes chose to waive both an identity hearing and a preliminary hearing. Id. He did not contest detention until his return to the District of South Dakota. Id. At the conclusion of the hearing, Magistrate Judge Welsh entered an order that Mr. Grimes be transferred to the Western Division of the District

---

[1] Fed. R. Crim. P. 5(a)(1)(A) requires that "a person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides . . . ." Subsection (c) of Rule 5 requires that "[i]f the defendant was arrested in a district other than where the offense was allegedly committed, the initial appearance must be . . . . in the district of arrest." Rule 5(c)(2)(A).

[2] The Clerk of Court's minute sheet for the hearing before Magistrate Judge Welsh appears as Docket 4-2 and was received as Exhibit 1 during the STA hearing. All further references will be to Exhibit 1.

of South Dakota. (Docket 4-1). The commitment order further required that "[t]he [USMS] must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the [USMS] for that district . . . . The marshal . . . in the charging district should immediately notify the United States attorney and the clerk of the court for that district of the defendant's arrival so that further proceedings may be promptly scheduled." Id.

Mr. Grimes testified that on March 25, 2011, the USMS transported him through a number of jails and jurisdictions until he arrived at the Federal Transfer Center in Oklahoma City, Oklahoma, some time later. On April 6, 2011, Jane Kobal, USMS Supervisory Deputy for the Western Division of the District of South Dakota, was contacted by the Justice Prisoner Alien Transportation System ("JPATS") in Oklahoma City. The purpose of that call was to request that Deputy Marshal Kobal ask permission of Magistrate Judge Veronica L. Duffy for the Western Division of the District of South Dakota to permit the USMS to deliver Mr. Grimes on April 20, 2011.

Deputy Marshal Kobal submitted JPATS' request dated April 6, 2011, to Magistrate Judge Duffy. (Exhibit A). The application requested a "Rule 45(b) extension of time limits for transportation of [Mr. Grimes], as provided for in 18 U.S.C. § 3161(h)(1)(H)." Id. JPATS indicated Mr. Grimes was "presently awaiting transportation [to the District of South Dakota] and will arrive [there]

3

on the next available airlift on 04/20/2011." Id. Deputy Marshal Kobal also represented to Magistrate Judge Duffy that if JPATS's request was "not approved [that arrangements would be made] for a special trip to pick [Mr. Grimes] up and deliver him to [the District of South Dakota] as soon as possible." Id. On April 7, 2011, Magistrate Judge Duffy approved the request. Id.

It appears Mr. Grimes arrived in Rapid City, South Dakota, on April 20, 2011, and an initial appearance was originally scheduled for that day. See CM/EFC 04/20/11 text entry. For reasons not known to the court, the initial appearance was rescheduled for the next day. Id. An initial appearance occurred before Magistrate Judge Duffy on April 21, 2011. (Docket 5). Following the hearing, Mr. Grimes was ordered detained. (Docket 7). A scheduling and case management order was entered the same day. (Docket 8). By this order, a jury trial was scheduled for June 28, 2011. Id.

On June 8, 2011, Mr. Grimes, *pro se*, filed an *ex parte* request that the court hold a hearing regarding a number of issues, including what the court initially perceived as a potential motion for change of counsel. (Docket 15). Based on Mr. Grimes' *pro se* motion, the court scheduled an *ex parte* hearing with Mr. Grimes and his counsel for June 14, 2011. On June 14, 2011, Mr. Grimes' attorney filed an *ex parte* motion for status hearing. (Docket 21). This motion reaffirmed Mr. Grimes' *pro se* complaints regarding his incarceration

4

and "seek[ed] a change in his current representation status . . . ." Id. The *ex parte* hearing was rescheduled for June 17, 2011. See CM/ECF 06/14/2011 text entry.

On June 15, 2011, Mr. Grimes filed a motion to dismiss the indictment. (Docket 22). The motion requested dismissal with prejudice for violating the defendant's speedy trial rights. Id.

An *ex parte* hearing was conducted with Mr. Grimes and counsel on June 17, 2011. (Docket 24). The purpose of the hearing was to address Mr. Grimes' *pro se* letter and counsel's motion for a status hearing. During the hearing, Mr. Grimes clarified he was not seeking new counsel or the right to proceed *pro se*, but rather seeking an order setting a schedule by which the USMS and Pennington County Jail would be required to allow counsel access to Mr. Grimes for trial preparation. Id. A motion to permit confidential access by counsel, with proposed dates conforming to defense counsel's schedule, was filed on June 21, 2011. (Docket 26). An order granting the attorney-client access in the Pennington County Jail was filed on June 23, 2011. (Docket 27).

On July 6, 2011, a hearing was held on Mr. Grimes' STA motion to dismiss. (Docket 29). Mr. Grimes and Deputy Marshal Kobal testified to develop the evidence described above.

**DECISION**

The Speedy Trial Act provides, in part, "the trial of a defendant charged in an . . . indictment . . . shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs . . . ." 18 U.S.C. § 3161(c)(1). Excluded from this time requirement are a number of events and activities. See 18 U.S.C. § 3161(h). Subsection (h) provides, in pertinent part, the following:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
> . . .
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> (E) delay resulting from any proceeding relating to . . . the removal of any defendant from another district under the Federal Rules of Criminal Procedure;
>
> (F) delay resulting from transportation of any defendant from another district, . . . except that any time consumed in excess of ten days from the date an order of removal . . . and the defendant's arrival at the destination shall be presumed to be unreasonable;
> . . .
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

Id. Subsection (c)(1) determines when the speedy trial clock begins and subsection (h) sets forth those events or activities which pause or toll the clock.

See United States v. Leone, 823 F.2d 246, 249 (8th Cir. 1987) ("Section 3161(c)(1) of the Act . . . is unambiguous in stating that upon an initial indictment, the seventy-day clock begins to run upon the later of either (1) the information or indictment, or (2) the defendant's appearance before a judicial officer of the court. Section 3161(h) of the Act sets out several periods of delay which shall be excluded from the running of the seventy-day period."). Only those days not excludable under subsection (h) count against the defendant's STA right of trial within seventy days. "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by [the excluded delays of] section 3161(h), the . . . indictment shall be dismissed on motion of the defendant." United States v. Blankenship, 67 F.3d 673, 675 (8th Cir. 1995) (citing 18 U.S.C. § 3162(a)(2)).

While there is not a significant amount of case law on the issue presently before the court, United States v. Thirion, 813 F.2d 146 (8th Cir. 1987) is the appropriate starting point for analysis in the Court of Appeals for the Eighth Circuit. In Thirion, the grand jury returned an indictment in December of 1983. Id. at 150. Before issuance of the indictment, Mr. Thirion left the United States. Id. During the pendency of the co-defendants' appeal from their conviction, Mr. Thirion was apprehended in Monaco on March 29, 1985. Id. at 153. Following extradition proceedings, "on June 26, 1985, . . . [he was] released . . . into the custody of a United States Marshal for transportation to

South Dakota." Id. at 153. Mr. Thirion appeared before a federal magistrate judge in South Dakota on June 28, 1985. Id.

Mr. Thirion moved to dismiss the indictment for failing to satisfy the STA. Id. The defendant argued his speedy trial clock started when he was arrested and detained in Monaco. The court rejected the defendant's STA claim. "Thirion's statutory right to speedy trial did not accrue until he appeared before a judicial officer of the District of South Dakota. 18 U.S.C. § 3161(c)(1)." Id.

The decision in Thirion is consistent with other circuits focusing on the pertinent language of the STA, that is, "from the date the defendant has appeared before a judicial officer of the court in which such charge is pending . . . ." 18 U.S.C. § 3161(c)(1). In United States v. Wilson, 720 F.2d 608 (9th Cir. 1983), the court addressed a situation where the defendant was first arrested and appeared in a federal district court different from the court where the indictment was issued. In Wilson, an information was filed in the Central District of California on April 29, 1982. Id. at 608-09. Ms. Wilson was arrested in Anchorage, Alaska. Id. She made an initial appearance in federal district court in Alaska on June 4, 1982. Id. at 609. Ms. Wilson was then transported to California and appeared on July 6, 1982, in the Central District of California. Id. Before trial, the defendant moved to dismiss the charge under the STA. In a case of first impression, the question was "whether the defendant's appearance in any court of the United States activated the Speedy

8

Trial Act's time limit . . . ." Id. The court found the defendant's claim could not be reconciled "with the language of Section 3161(c)(1), which explicitly refers to a defendant's first appearance before 'a judicial officer of the court in which such charge is pending.' " Id. (citing 18 U.S.C. § 3161(c)(1)). For guidance, the court turned to the "guidelines to the interpretation of the Speedy Trial Act which have been issued by the Judicial Conference of the United States."[3] Id. "The guidelines interpret Section 3161(c)(1) . . . to mean that the 70-day time limit does not begin to run 'prior to the defendant's initial appearance before a judicial officer *in the charging district*' " Id. (emphasis in original) (citing the Guidelines at 35). The Wilson court held "the 70-day time period did not begin running until Wilson first appeared before a judicial officer of the charging district, the Central District of California, on July 6, 1982." Id. See also United States v. Palomba, 31 F.3d 1456, 1462 (9th Cir. 1994) ("Palomba argues that the clock began to run on April 12, 1990, the day he was arrested and brought before a judge in the Central District of California. . . . Palomba was not brought before a judicial officer of the Northern District of California until May 15, 1990. Since Palomba's appearance on May 15 was the date [upon which he appears before a judicial officer in which the matter is

---

[3]The court referenced the Judicial Conference of the United States, Committee on the Administration of the Criminal Law, Guidelines to the Administration of the Speedy Trial Act of 1974, as amended (December 1979 revision with August 1981 amendments).

pending] for purposes of Section 3161(c), the STA clock began to run on that date.") (emphasis in original).

The Court of Appeals for the Eleventh Circuit reached the same conclusion in United States v. O'Bryant, 775 F.2d 1528 (11th Cir. 1985). On September 15, 1982, the defendant was indicted by a grand jury in the Middle District of Florida. Id. at 1530. Mr. O'Bryant was arrested and appeared before a federal magistrate judge in Baltimore, Maryland, on May 13, 1983. Id. Intervening state charges were resolved by dismissal on appeal on December 20, 1983. Id. Mr. O'Bryant was then arraigned on the federal charges by a federal magistrate judge in Florida on March 21, 1984. Id. The court, looking to the specific language of § 3161(c)(1), rejected defendant's claim the STA clock should begin on May 13, 1983. Id. at 1531. "On its face, . . . the Speedy Trial Act, 18 U.S.C. § 3161(c)(1) provides otherwise. . . . where an indictment has been filed, the seventy day clock does not begin running until a defendant has appeared in the court where the charges are pending." Id. (referencing Wilson, 720 F.2d at 609). The court reasoned:

> Where an indictment has previously issued, Congress clearly intended that the Speedy Trial Act clock would not begin running until a defendant appeared before a judicial officer in the district where charges were pending. The original Mikva and Ervin bills would have started the trial clock from the time of arrest. H.R. 7107, 92nd Cong., 1st Sess. 2 (1971); S.895, 92nd Cong., 1st Sess. (1971). When the Ervin bill was reported out of a Senate subcommittee, a provision had been added directing "an appropriate judicial officer . . . [to] set a day certain for trial." S.754, 93rd Cong., 1st Sess. 2 (1973). The 1974 House subcommittee and committee bills added the

10

> language starting the clock from where a defendant "has appeared before a judicial officer of the court in which such charge is pending." H.R.17409, 93rd Cong., 2d Sess. 3 (1974). This language was retained when the bill was enacted. Pub.L. 93-619, 93rd Cong. § 3161(c), 88 Stat. 2076, 2077 (1975); *see generally*, Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974* (Fed. Judicial Center 1980).

Id. at 1531 n. 3. "[I]n the instant case, the seventy day time period did not begin running until O'Bryant appeared in the Middle District of Florida on March 21, 1984." Id. at 1531

Mr. Grimes argues the court should apply the limitation set forth in § 3161(h)(1)(F). (Docket 23 at p. 3). Mr. Grimes asserts § 3161(h)(1)(F) limits to ten days the government's travel time between arrest, wherever and whenever it occurs, and the initial arraignment in South Dakota. Id. Mr. Grimes cites United States v. McGhee, 532 F.3d 733 (8th Cir. 2008) as authority for his argument. Id. In McGhee, the defendant filed a motion for determination of mental competency. McGhee, 532 F.3d at 736. As a matter of course, this motion was filed after the STA clock started. At issue was the delay in transporting the defendant from an evaluation in Florida back to Arkansas for further pretrial proceedings. Id. at 738. "The next issue is how many days are excluded under the STA from January 4–the date of the order directing transportation–to January 24–the date McGhee arrived in Arkansas." Id.

11

Allowing ten days transportation permitted by § 3161(h)(1)(F),[4] and after excluding intermediate Saturdays, Sundays, and a legal holiday under Fed. R. Crim. P. 45(a), the court assessed three excess days under the STA for the time unreasonably used to transport the defendant. "[T]he government used 3 days (in excess) to transport McGhee; these days count toward the STA computation."[5]  Id. at 739.

Mr. Grimes' argument regarding § 3161(h)(1)(F) is without merit. Likewise, the USMS' request for an extension, by § 3161(h)(1)(F), erroneously cited in Exhibit A as subsection (H), was unnecessary as the STA clock had not started under Thirion.

The court finds the specific language of § 3161(c)(1) is controlling.  Mr. Grimes' speedy trial clock did not start until he appeared for arraignment before Magistrate Judge Duffy in the District of South Dakota on April 21, 2011. 18 U.S.C. §3161(c)(1); Thirion, 813 F.2d at 153; Wilson, 720 F.2d at 609; O'Bryant, 775 F.2d 1531.

On June 8, 2011, Mr. Grimes, *pro se*, filed an *ex parte* letter requesting a status hearing.  (Docket 15).  As of that date, 47 days of the STA had expired.

---

[4] The McGhee court cited § 3161(h)(1)(H) ("except that any time consumed in excess of ten days from the date an *order* of removal or an *order* directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable") (emphasis in original) (pre-October 2008 amendment to § 3161).  McGhee, 532 F.3d at 738.

[5] See footnote 3 supra.

While Mr. Grimes' *pro se* motion for a status hearing was pending, the STA is paused or tolled. See 18 U.S.C. §3161(h)(1)(D) (excluded from the 70-day calculation is any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . .").

"[E]very motion filed by a defendant, whether or not it is frivolous and whether or not he is represented at the time of filing, tolls the speedy trial clock." United States v. El-Alamin, 574 F.3d 915, 923 (8th Cir. 2009) (citing United States v. Williams, 557 F.3d 943, 952 (8th Cir. 2009)). "Periods of delay caused by pretrial motions, whether filed by the defendant . . . or the prosecution, are excluded from the calculation of this 70-day time frame." United States v. Shepard, 462 F.3d 847, 863 (8th Cir. 2006). "Under subsection [D], '[a]ny pretrial motion . . . creates excludable time, even if it does not in fact delay trial.' " United States v. Titlbach, 339 F.3d 692, 698 (8th Cir. 2003) (citing United States v. Arbelaez, 7 F.3d 344, 347 (3d Cir. 1993)).

Based on Mr. Grimes' *pro se* motion (Docket 15), the court scheduled an *ex parte* hearing with Mr. Grimes and his counsel. Because a hearing was scheduled, all the time between the defendant's *pro se* motion and the court's hearing on the matter is excludable. See 18 U.S.C. § 3161(h)(1)(D).

On June 14, 2011, while Mr. Grimes' *pro se* motion was pending, Mr. Grimes' attorney filed an *ex parte* motion for a status hearing. (Docket 21).

13

This motion reaffirmed Mr. Grimes' *pro se* complaints regarding his incarceration and potential change in his attorney. Id. On June 15, 2011, counsel filed the STA motion to dismiss the indictment. (Docket 22). On July 7, 2011, a hearing was held on Mr. Grimes' STA motion to dismiss. (Docket 29). Under 18 U.S.C. § 3161(h)(1)(D), this time is excluded from the speedy trial deadline. Furthermore, the time between the hearing and entry of this order is likewise excluded from the speedy trial deadline. Section 3161(h)(1)(H) excludes any "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H).

In compliance with the STA, the status of defendant's speedy trial clock is calculated as follows:

| Date | Activity | Days since last event | Excluded Days Citation | Days counted in STA | Running total to 70 days of STA |
|---|---|---|---|---|---|
| 04/21/11 | Initial Appearance by Magistrate Judge Duffy | 0 | § 3161(c)(1) | 0 | 0 |
| 06/08/11 | Mr. Grimes' pro se motion (Docket 15) | 47 | § 3161(h)(1)(D) | 47 | 47 |
| 06/14/11 | Defense Attorney's Motion for Status Hearing (Docket 21) | 6 | § 3161(h)(1)(D) | 0 | 47 |
| 06/15/11 | Motion to Dismiss Indictment re: STA (Docket 22) | 1 | § 3161(h)(1)(D) | 0 | 47 |

14

| Date | Activity | Days since last event | Excluded Days Citation | Days counted in STA | Running total to 70 days of STA |
|---|---|---|---|---|---|
| 06/17/11 | Ex parte Hearing on Mr. Grimes' pro se motion | 2 | § 3161(h)(1)(D) | 0 | 47 |
| 07/06/11 | Hearing on STA motion | 19 | § 3161(h)(1)(D) | 0 | 47 |
| 08/04/11 | Order on STA motion | 28 | § 3161(h)(1)(H) | 0 | 47 |

The court finds 47 days have expired and 23 days remain under the STA within which Mr. Grimes must be brought to trial. 18 U.S.C. § 3161(c)(1).

## ORDER

Based on the analysis above, it is hereby

ORDERED that defendant's motion to dismiss (Docket 22) is denied.

IT IS FURTHER ORDERED that 23 days remain under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), within which Mr. Grimes' jury trial must begin.

Dated August 4, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE