UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | CR. 11-50029-JLV |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| JEFFREY J. GRIMES, | |
| Defendant. | |

On June 4, 2021, pursuant to Fed. R. App. P. 4(b)(4) the court granted Defendant Jeffrey Grimes' motion to extend the time to file an appeal to the United States Court of Appeals for the Eighth Circuit. (Docket 164). The order extended the deadline for filing an appeal in this criminal case to June 11, 2021, pursuant to Fed. R. App. P. 4(b)(4). Id. at p. 2.

On June 15, 2021, Alecia Fuller, Assistant Federal Public Defender, as counsel for Mr. Grimes filed a motion for leave to file an appeal out-of-time. (Docket 165). Ms. Fuller asserts she was unable to communicate with Mr. Grimes until June 15, 2021. Id. at p. 1. Defendant's motion asserts Mr. Grimes "filed his own appeal *pro se* on May 26, 2021 by placing the same in the United States mail at USP Thomson in Thomson, Illinois, where the Defendant is presently incarcerated, addressed to the clerk of courts, 515 Ninth Street, Rapid City, South Dakota." Id. Because the defendant's *pro se* appeal had not yet been received by the Clerk of Court, Ms. Fuller asks leave of

the court to file defendant's "Notice of Appeal through counsel and his appeal be accepted and docketed by the clerk of courts." Id. at p. 2.  As of the date of this order, Mr. Grimes' *pro se* notice of appeal and declaration or notarized statement required by Fed. R. App. P. 4(c)(1) have not be filed.

"Unlike Federal Rule of Appellate Procedure 4(a), Rule 4(b) is not grounded in statute and is set forth only in a court-prescribed rule of appellate procedure.  Court-prescribed rules of practice and procedure, as opposed to statutory time limits, do not create or withdraw federal jurisdiction."  United States v. Watson, 623 F.3d 542, 545 (8th Cir. 2010) (internal quotation marks and citation omitted).  "Rule 4(b) is thus a claim-processing rule . . . . In accordance with all other circuits that have considered the issue, we hold that Rule 4(b) is not jurisdictional.").  Id. at 545-46 (internal citations omitted).  See also United States v. Whitbeck, 869 F.3d 618, 619 (8th Cir. 2017) ("The time limit on criminal appeals is a claims-processing rule[.]") (referencing Watson, 623 F.3d at 545-46).

Even though Rule 4(b)(4) "time constraints are not jurisdictional limitations, 'Rule 4(b)'s timeliness requirements [are] inflexible and assure relief to a party properly raising them.' " United States v. Starks, 840 F.3d 960 (8th Cir. 2016) (brackets in original) (citing Watson, 623 F.3d at 546).  The question is whether the government intends to object to Mr. Grimes' present motion or "waive its right to the enforcement of a nonjurisdictional claim-processing rule." Watson, 623 F.3d at 545.

2

Accordingly, it is

ORDERED that the government shall file its response to the defendant's motion (Docket 165) on or before **June 30, 2021**.

Dated June 23, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE